No. 22-777, *SER West Virginia Division of Corrections and Rehabilitation v. The Honorable Alfred E. Ferguson, et al.*

**FILED**

**June 8, 2023**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Armstead, Justice, dissenting:**

By denying DCR's Petition for a Writ of Prohibition, the majority has erroneously allowed a textbook medical negligence claim to be asserted against the DCR, an entity it expressly finds is not a health care provider or health care facility.

The majority's opinion results in Respondent being permitted to proceed against the DCR on what I believe is clearly a medical negligence claim, following the circuit court's dismissal of DCR's third-party complaint against the actual healthcare provider, PrimeCare.[1]  The history of this action, as well as the allegations contained in the Amended Complaint, illustrate that, regardless of Respondent's characterization of this action, it is actually a medical malpractice claim.  Although Respondent filed suit against DCR and John Doe defendants, she specifically asserted claims for medical negligence against PrimeCare and other non-parties in her initial Complaint.  Count II of the initial Complaint was titled "Medical Professional Negligence," and it named as defendants not

---

[1] According to PrimeCare, the Respondent:

> initially attempted to bring an action against PrimeCare, but was barred from doing so because she failed to timely comply with the MPLA's mandatory pre-suit notice requirements resulting in the expiration of the statute of limitations on any such claims.  []Instead, [Respondent] commenced this action against the [DCR] which now seeks to bring PrimeCare into this action likely because of [Respondent's] inability to do so.

1

only PrimeCare Medical and PSIMed, but importantly, also asserted those claims against DCR. Following the filing of the DCR's motion to dismiss, Respondent moved to amend her complaint and her motion was granted. Now, Respondent argues that her Amended Complaint "contains no claim for medical negligence against any individual, facility, or provider." I disagree. Respondent's retooling of the language of her Amended Complaint does not change the fact that it alleges medical malpractice on the part of DCR.

Before this Court, Respondent argues that her Amended Complaint removes her previously asserted claim for medical negligence and relies "solely on various state law claims, general negligence, and civil rights violations." In support of this argument, Respondent notes that her Amended Complaint did not use the title or the phrase "medical professional negligence," and it does not include language regarding the notice and certification requirements for an MPLA case. Although it is true that the Amended Complaint does not include a count titled "Medical Professional Negligence," this Court must "look beyond the labels of causes of action and artful pleading and instead critically examine the allegations pled to determine whether the [Respondent's] complained-of conduct falls under the MPLA's provisions." *Damron v. PrimeCare Medical of West Virginia, Inc.*, No. 20-0862, 2022 WL 2078178, at \*3 (W. Va. June 9, 2022) (memorandum decision). Further, "the determination of whether a cause of action falls within the MPLA is based upon the factual circumstances giving rise to the cause of action, *not the type of claim asserted*." *Blankenship v. Ethicon, Inc.*, 221 W. Va. 700, 702-703, 656 S.E.2d 451, 453-454 (2007) (emphasis added).

2

The factual circumstances giving rise to Respondent's claims stem from her allegations that Ms. McDonald did not receive adequate and appropriate health care while she was incarcerated at the Western Regional Jail. With respect to Count I of the Amended Complaint, Respondent alleges, among other things, that DCR's representatives, employees and agents failed to:

(1) ask appropriate mental health questions;

(2) appropriately score responses and answers to questions they did ask;

(3) appropriately assess Ms. McDonald's health risks;

(4) take steps to prevent and treat Ms. McDonald's mental health and substance abuse withdrawal risks;

(5) review intake notes and material;

(6) assess Ms. McDonald's medical conditions, including her mental health conditions; and

(7) recognize the mental health and drug and alcohol abuse withdrawal issues present.

Although Respondent acknowledges that DCR contracts with PrimeCare to provide medical and health related services to inmates such as Ms. McDonald, she alleges that DCR has a duty to "ensure" that PrimeCare appropriately provides medical care including mental health services.

With respect to Count II, Respondent alleges the following failures on the part of DCR:

3

(1) failure to follow well-established mental health treatment protocols for mental health and substance abuse disorders and withdrawal symptoms;

(2) failure to adequately monitor Ms. McDonald during drug and alcohol detox and withdrawal;

(3) failure to carefully and regularly conduct mental health checks on Ms. McDonald during her incarceration;

(4) failure to properly assess the mental health conditions present and seek medical and hospital clearance prior to incarcerating Ms. McDonald;

(5) failure to obtain readily available prior health care records; and

(6) failure to give appropriate scores and weight to dangers present.[2]

As the majority recognizes, the MPLA provides, in pertinent part, that "health care" is:

. . .

(2) Any act, service, or treatment performed or furnished, *or which should have been performed or furnished,* by any health care provider or person supervised by or acting under the direction of a health care provider or licensed professional for, to, or on behalf of a patient during the patient's medical care, treatment, or confinement, including, but not limited to, staffing, medical transport, custodial care, or basic care, infection control, positioning, hydration, nutrition, and similar patient services; …

---

[2] In addition, Respondent alleges that an intake interview was conducted when Ms. McDonald was intoxicated.

West Virginia Code §55-7B-2 (e)(2) (emphasis added).  The majority also acknowledges that, at its core, DCR's argument is that, since it is not a health care provider or health care facility, Respondent's claims against it must be dismissed.  Indeed, the majority states:

> DCR's primary argument to this Court is that the allegations contained in the amended complaint fall within the MPLA's definition of professional medical liability. DCR then argues that only a health care provider as defined by the MPLA can be sued for professional medical liability. It finally concludes, "[b]ecause the [DCR] is not a health care provider, the claims asserted in the Amended Complaint, which are based upon professional medical liability, regardless of how pled, should be dismissed against it."

Nonetheless, the majority, while agreeing that DCR is neither a health care provider or health care facility, merely accepts Respondent's portrayal of the Amended Complaint as alleging state law claims, negligence, and civil rights violations rather than medical malpractice.  In reality, the allegations contained in the Amended Complaint are actually comparable to the claims advanced in *Damron*.  In *Damron*, the petitioner alleged that PrimeCare[3] delayed sending him to a specialist for treatment of his fractured jaw. Further, he maintained that his original and amended complaints did not assert a claim for medical negligence, but this Court disagreed and found, in part, that the petitioner had pled claims "for the negligent failure to provide medical care," which stemmed "solely from the rendering, or alleged failure to render, 'health care' and therefore sound in terms of medical negligence." *Damron* at *7.  Despite her claims to the contrary, Respondent's claims also

---

[3] Unlike the present case, the petitioner in *Damron* asserted a claim against PrimeCare.

stem from the alleged failure to render health care and therefore sound in terms of medical negligence. Accordingly, I disagree with the majority's conclusion that the claims asserted in the Amended Complaint sound in ordinary negligence rather than medical malpractice.

For these reasons, I believe the circuit court clearly erred by denying DCR's motion to dismiss, and I respectfully dissent as to the majority's decision to deny Petitioner's petition for a writ of prohibition.